

EOD
02/20/2008

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| RICKY L. PALMER, | § | Case No. 07-41300 |
| | § | (Chapter 7) |
| Debtor. | § | |

**MEMORANDUM OPINION SUSTAINING**
**TRUSTEE'S OBJECTION TO DEBTOR'S EXEMPTION**

This matter is before the Court following a hearing on the "Trustee's Objection to Exemptions" (the "Objection") filed by Michelle H. Chow as the Chapter 7 Trustee (the "Trustee") in the above-referenced bankruptcy case. The Objection seeks to invalidate the Debtor's homestead exemption claim as to 64 acres of property located near Sulphur Springs in Hopkins County, Texas. Upon due consideration of the evidence and the applicable legal authorities, the Court concludes that the Trustee's Objection should be sustained and that the Debtor's homestead claim as to the 64 acres should be denied.[1]

*Jurisdiction*

An objection to a debtor's claimed homestead exemption is a core matter over which this Court has jurisdiction to enter a final order. *See* U.S.C. § 1334 and 28 U.S.C. §157(b)(2)(A), (B) and (O).

---

[1] This Memorandum Opinion constitutes the Court's findings of fact and conclusions of law. *See* FED. R. CIV. P. 52; FED. R. BANKR. P. 7052. To the extent that any finding of fact is construed to be a conclusion of law, it is hereby adopted as such. Likewise, to the extent any conclusion of law is construed to be a finding of fact, it is hereby adopted as such.

*Factual and Procedural Background*

Ricky L. Palmer (the "Debtor"), filed a petition for relief under Chapter 7 of the Bankruptcy Code on June 15, 2007. On the filing date, the Debtor filed his Schedule C wherein he claimed a homestead exemption under Texas law with regard to a tract of real property consisting of approximately 64 acres in Hopkins County and locally known as 3670 CR 4763, Sulphur Springs, Texas. The Debtor inherited the property in 1996 and filed the deed to the property in 2007.

The Debtor married in December 2005. The Debtor has resided on a 13-acre tract of land owned by his wife since that time. Prior to and since their marriage, the Debtor's wife has bred Labrador retrievers on the 13 acres.

The 64-acre tract is located approximately three miles from the Debtor's residence. The Debtor has never lived on the 64 acres, and he testified that he has not used the property to support himself or his family. The Debtor and his wife, however, testified that they intend to use the property in the future to support a hay operation and a cattle business and that they intend to start to exercise and train Labrador retrievers on the 64 acres.

*Discussion*

The commencement of a bankruptcy case creates an estate encompassing all legal and equitable interests in property of the debtor as of the petition date, including any property that might potentially be exempt. *See* 11 U.S.C. §541(a). A debtor may then exempt certain property from the bankruptcy estate by claiming either the federal exemptions provided by §522(d) of the Bankruptcy Code or any other exemptions provided by applicable federal,

state, or local law. *See* 11 U.S.C. §522(b). The United States Supreme Court has described an exemption as "an interest withdrawn from the estate (and hence from creditors) for the benefit of the debtor." *Owen v. Owen*, 500 U.S. 305, 308, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991).

Rule 4003(b) of the Federal Rules of Bankruptcy Procedure provides that any party in interest may object to a debtor's exemption claims within thirty days after the conclusion of the meeting of creditors held under Rule 2003(a). In response to such an objection, a debtor is not required to make an affirmative showing that a claimed exemption is appropriate in response to such an objection. A claim of exemptions is presumptively valid, *see* 11 U.S.C. §522(l), and the debtor need only characterize the claimed exemption as falling within an exempt category. *See, e.g., In re Lester*, 141 B.R. 157, 161 (S.D. Ohio 1991). The objecting party, to meet its burden, must then produce evidence which "rebuts the prima facie effect of the claimed exemption." *Id*. *See also* FED. R. BANKR. P. 4003(c).

The facts and law existing as of the date of the petition govern a debtor's claimed exemptions. "This focus on the status as of the date of filing is commonly referred to as the 'snapshot' approach to determining the extent of the bankruptcy estate and the scope of the exemptions." *Zibman v. Tow*, 268 F.3d 298, 302 (5th Cir. 2001) (citing *White v. Stump*, 266 U.S. 310, 312, 45 S.Ct. 103, 69 L.Ed. 301 (1924)). *See also Hrncirik v. Farmers Nat'l Bank (In re Hrncirik)*, 138 B.R. 835, 839 (Bankr. N.D. Tex. 1992) (stating that exemptions are determined as of the date of the filing of the bankruptcy petition). Because the Debtor in this case selected Texas state law exemptions, the Court looks to Texas law existing on the

petition date in assessing the Debtor's claimed exemptions. *See Bradley v. Pacific Southwest Bank (In re Bradley)*, 121 B.R. 306, 312 (Bankr. N.D. Tex. 1990), rev'd on other grounds, 960 F.2d 502 (5th Cir. 1992); *In re Moody,* 77 B.R. 580, 590 (S.D. Tex. 1987), *aff'd,*, 862 F.2d 1194 (5th Cir. 1989).

A homestead may be owned by the community or may be the separate property of either the husband or wife. *See, e.g., Behrens v. Behrens*, 186 S.W.2d 697 (Tex. Civ. App. – Austin, 1945); *Wicker v. Rowntree*, 185 S.W. 150 (Tex. Civ. App. – Amirillo, 1945, writ ref'd w.o.m.). However, a husband and wife cannot have separate homesteads. *See Crowder v. Untion Nat. Bank of Houston*, 261 S.W. 375 (Comm'n App. 1924); *In re Mitchell*, 80 B.R. 372, 383,(Bankr. W.D. Tex. 1987) (citing *Crowder*). The Texas Constitution, both now and on the petition date, defines the maximum amount and character of a homestead as follows:

> *A homestead, not in a town or city, shall consist of not more than two hundred acres of land, which may be in one or more parcels, with the improvements thereon*; the homestead in a city, town or village, shall consist of lot or contiguous lots amounting to not more than 10 acres of land, together with any improvements on the land; provided, that the homestead in a city, town, or village shall be used for the purposes of a home, or as both an urban home and a place to exercise a calling or business, of the homestead claimant, whether a single adult person, or the head of a family; provided also, that any temporary renting of the homestead shall not change the character of the same, when no other homestead has been acquired...

TEX. CONST. art XVI, §51 (emphasis added). The Texas Property Code, both now and on the petition date, defines a rural homestead as follows:

    (b)    If used for the purposes of a rural home, the homestead shall consist of:
            (1)    for a family, not more than 200 acres, which may be in one or more parcels, with the improvements thereon; or
            (2)    for a single, adult person, not otherwise entitled to a homestead,

>not more than 100 acres, which may be in one or more parcels, with the improvements thereon.

TEX. PROP. CODE ANN. §41.002(b).

Under Texas law, the homestead of a single adult or family is protected from forced sale for the payment of debt unless the debt is "properly fixed" on the homestead property. *See* TEX. CONST. Art XVI, §50; TEX. PROP. CODE . §41.001(a). In assessing a claimed homestead exemption, "[t]he rule that homestead laws are to be liberally construed to effectuate their beneficent purpose is one of general acceptation." *Woods v. Alvarado State Bank*, 19 S.W.2d 35 (Tex. 1929) (*citing Trawick v. Harris*, 8 Tex. 312 (Tex. 1852)). Courts "must give a liberal construction to the constitutional and statutory provisions that protect homestead exemptions." *In re Bradley*, 960 F.2d at 507.

Texas courts have established a two-pronged test for determining whether a homestead claim exists in rural property. As recognized in *NCNB Texas Nat'l Bank v. Carpenter*, 849 S.W.2d 875, 879 (Tex. App. — Fort Worth 1993, no writ), "[t]o establish a homestead claim in rural property, the claimant must: (1) reside on part of the property; and (2) use the property for purposes of a home." However, "where the rural homestead consists of separate tracts of land, the mere establishment of a home on one tract may be insufficient to impress homestead character on the detached properties." *Painewebber Inc. v. Murray (In re Murray),* 260 B.R. 815, 830 (E.D. Tex. 2001). As Judge Schell noted in *Murray*:

>For years, courts have drawn a distinction between those tracts that are contiguous and noncontiguous with the tract occupied by a residence. With a contiguous tract, one can logically extend the establishment of a home and the activities pertaining to the home to the outer boundaries of that tract. Only an

imaginary line separates the residence tract from the contiguous property. Hence, there is a presumption that such a tract is used for the purposes of a home. With a noncontiguous tract, more than an artificial boundary separates it from the home. Unless the noncontiguous tract somehow supports the home, it has no nexus with the residence tract and is nothing more than another piece of property. Thus, a claimant must demonstrate distinct evidence that the noncontiguous piece of property is associated with the residence tract and that it is more than a separate plot of land.

*Id.* Similarly, in *Brooks v. Chatham*, 57 Tex. 31, 1882 WL 9451 (Tex. 1882), the Supreme Court of Texas rejected a homestead claim on a noncontiguous tract of land ten miles away from the defendant's original homestead and made the following observations:

> But in the case under consideration, the lands being separate, the [noncontiguous] property could not become a part of the homestead . . . by any fact less than would be necessary to designate the homestead originally. . . . The constitution expressly provides that the rural homestead may consist of one or more parcels, and the fact that they may be distant several miles, the one from the other, is immaterial; . . . but when the lands are separated there must be such use as will amount to a designation of homestead of the subsequently acquired parcel, as fully as the same would be required in the original designation of homestead.
> 
> It would be impracticable to lay down a general rule as to what shall constitute a designation to homestead use, in all cases, sufficient to throw around two or more separate parcels of land the protection given by the constitution to the rural homestead; but there must be something more than mere ownership, coupled with an intention at some time to use in connection with the parcel upon which the home stands, to protect other and detached parcels of land. Such designation must consist in the use of the detached parcel, or parcels, in connection with the home place, or in such preparation so to use as will clearly evidence the intention so to use; but this must vary according to the character of the detached parcel or land, and the purpose to which it is adapted and for which it is intended.
> 
> The fact that the head of the family has a parcel of land upon which the family lives, and which thereby becomes entitled to protection as a homestead, cannot attach such character to a detached parcel of land not used for the purposes for which the homestead exemption is given; otherwise the exemption could be extended to something which is not homestead in fact; this was never intended by the constitution.

1882 WL 9451 at *2-*3.

Thus, for the Debtor to show that the 64-acre tract qualifies for the homestead exemption in this case, three things are required. *See Murray*, 260 B.R. at 823. First, the 64-acre tract must be rural in nature. Second, the Debtor must have the intent to claim the tract as his homestead. Finally, the Debtor must demonstrate overt acts of homestead usage consistent with a rural home. Because the Trustee concedes or does not question the first requirement, the Court need only address whether the second and third requirements have been met.

With respect to the second element -- intent -- the testimony of the Debtor and his wife established their intent to use the 64 acres for hay and cattle and to support the dog breeding business of the Debtor's wife in the future. The Debtor's wife testified that a portion of the 64 acres could be used to exercise and train the dogs she breeds, but that they had never taken the dogs to the 64 acres prior to bankruptcy. The Debtor and his wife also testified that they intend to use the 64 acres in the future to grow hay and graze cattle, but that they had not so used the property prior to bankruptcy.

With respect to the final element, the Debtor asserts that the 64 acres in question is used "for the purposes of a home" and, therefore, qualifies for the homestead. *Autry v. Reasor*, 113 S.W. 748 (Tex. 1908). "Support of the family" has at times been cited as one of the purposes of a home. *See, e.g., Brooks*, 1882 WL 9451 at p. *2 (1882); *Clark v. Salinas*, 626 S.W.2d 118, 120 (Tex. App. — Corpus Christi 1981, writ ref'd n.r.e.); *Mays*

*v. Mays*, 43 S.W.2d 148, 151 (Tex. Civ. App. — Beaumont 1931, writ ref'd n.r.e). However, the meaning of that phrase has never been conclusively defined, *see Murray,* 260 B.R. at 828, and the means by which "support" is derived from the noncontiguous tract (as well as the utility of some of the older homestead decisions) must be carefully evaluated in light of the substantial changes in the means by which Texas citizens in the modern era support themselves and their dependents.

> The historical context of these older cases must be considered; however, they involve a time and a place where "support" of the rural lifestyle necessarily meant that you provided many of your own essentials such as vegetables, meat, fuel, etc. . . . Care must be taken to determine the applicability of these early decisions to modern day country lifestyles and today's claim of a rural homestead.

*In re Webb*, 263 B.R. 788, 792 (Bankr. W.D. Tex. 2001).

As Judge Schell noted in *Murray*, "support" in the context of noncontiguous property requires a showing of some nexus between the residence tract and the noncontiguous parcel. The Debtor in this case argues in his post-hearing brief that an intent to use a noncontiguous parcel to support the family in the future, without a showing of actual or overt use, is a sufficient nexus to the residence tract. However, the Debtor's post-hearing brief does not include any Texas authority that would support this argument. In particular, *Surratt et al v. Thomas ex ux*, 233 S.W.2d 350 (Tex. Civ. App. – 1950, no writ) involved several contiguous lots and the owners in that case established their intention to use the contiguous lots as their homestead by overt acts. With respect to the other Texas cases cited by the Debtor to support an exemption of the 64 acres – *Youngblood v Youngblood*, 76 S.W.2d 759, 761 (Tex. 1934),

and *Baldeschweiler v. Ship*, 50 S.W. 644, 645 (Tex. Civ. App. – 1899, no writ) – those cases concerned separate tracts that were used for sharecropping and "that provided a form of support beyond mere aesthetic comfort or convenience." *Murray*, 260 B.R. at 830.

The Court concludes that the evidence presented in this case is insufficient to demonstrate that the Debtor has used the 64 acres "for the purpose of a home" and that the property, therefore, is not included within the scope of the Debtor's rural homestead exemption. The Debtor's sporadic use of the property, which is more accurately classified in the enjoyment/convenience category of usage, simply has an insufficient nexus with the Debtor's homestead in the opinion of the Court to place the 64 acres into the general sphere of assets which the rural homestead exemption was designed to protect. Indeed, the exclusion of the noncontiguous property from the scope of the Debtor's homestead will not deprive the Debtor of a residence "where the independence and security of a home may be enjoyed, without danger of its loss, or harassment and disturbance by reason of the improvidence or misfortune of the head or any other member of the family." *See England v. FDIC*, 975 F.2d 1168, 1174 (5th Cir. 1992). Nor will it cause the Debtor to become a burden or a charge upon society. The Debtor's true "home" will remain protected, but the 64 acres will be correctly characterized as a tract of non-exempt property distinctive in purpose and usage from the homestead property.

*Conclusion*

For the foregoing reasons, the Court concludes that the "Trustee's Objection to Exemptions" must be sustained and the Debtor's claim of a homestead exemption

encompassing the 64 acre-tract of land located in Hopkins County, Texas, more specifically identified on the Debtor's Schedule C and in the Trustee's Objection, must be denied. A separate order will be entered which is consistent with this Memorandum Opinion.

Signed on 2/20/2008

*Brenda T. Rhoades* SR
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE